■ In the Matter of the Claim of KATHLEEN CONNOLLY, on Behalf of Herself and Minor Children, Respondent, v. WALDORF ASTORIA CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from death benefit award in a heart injury case. The decedent, 51 years of age, worked for the employer as a window washer and when the weather was inclement worked in the storeroom of the hotel doing a wide assortment of jobs. He had a pre-existing cardiac condition. On February 27, 1958 he was working in the storeroom moving lamps, tables and other furniture with one of his fellow employees. He first complained of pain when moving a table weighing about 20 pounds but failed to heed the suggestion of a coemployee that he see a doctor in the hotel and instead continued to work. About a half hour thereafter while they were moving a 70-pound table from the storeroom to a different floor and after leaving the elevator and while lifting the table weighing approximately 70 pounds he collapsed and shortly thereafter died. The facts present a pre-existing heart disease case where at the time of the heart accident the worker was doing something of a strenuous nature while performing his normal work. Claimant's doctor testified that the work he was doing "was definitely related to his demise". The doctors for the carrier disagreed and said it was due to the natural progression of a pre-existing heart condition. One of the doctors summarized by saying it was speculation to say that the work was associated with the fatal attack. In any event the issue was factual and therefore within the province of the board. The medical testimony differed here from that in *Matter of Burris* v. *Lewis* (2 N Y 2d 323), where an autopsy was performed and failed to disclose any recent heart injury and there was no evidence of a coronary thrombosis or occlusion. *Matter of Stang* v. *Pechman & Co.* (7 A D 2d 245) differs as there the nature of the work — assistant to the president — did not require any unusual physical effort or strain. The facts in this case are more closely associated with the factual issues in *Matter of Carlin* v. *Colgate Aircraft Corp.* (276 App. Div. 881, affd. 301 N. Y. 754). Decision of the Workmen's Compensation Board unanimously affirmed, with costs.

■ In the Matter of the Claims of MARY McGINTY et al., Respondents, v. AMERICAN CHIMNEY CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision and award of the Workmen's Compensation Board which found Mary McGinty, mother of deceased employee, partially dependent upon him for support. The decedent was killed in an industrial accident July 17, 1958 and thereafter on November 13 a claim for partial dependency was filed. In support of the claim there was offered a family income statement, dated April 23, 1959, which showed the weekly contribution by the decedent to be $30. Subsequently and on May 27, 1959, the claimant herein testified that her son gave her money when working even when out of town and that when unemployed, from his benefits would give her $20 per week. The appellants offered no proof but in their brief on this appeal questioned the award as to dependency and as to the amount of contribution. While the evidence to support the dependency herein is somewhat scanty, under the circumstances it was of sufficient weight to sustain the award. Dependency was a factual issue decided by the board in favor of the claimant. Award unanimously affirmed, with costs to the Workmen's Compensation Board.